**LOPRESTI & O'REILLY, LLP**
Anthony A. LoPresti
alopresti@lo-firm.com
Cornelius J. O'Reilly
coreilly@lo-firm.com
110 Greene Street, Ste. 411
New York, New York 10012
(212) 757-5277 Tel.
(212) 202-4410 Fax

*Attorneys for Plaintiff Joel R. McDonald*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOEL R. McDONALD a/k/a JOEL MAC, an individual,<br><br>Plaintiff,<br><br>– against –<br><br>KANYE WEST; JAY-Z, a/k/a SHAWN CARTER; MIKE DEAN; FRANK OCEAN a/k/a CHRISTOPHER BREAUX; SHAMA JOSEPH; UNIVERSAL MUSIC GROUP; ROC-A-FELLA RECORDS LLC; DEF JAM MUSIC; ROC NATION LLC; and DOES 1-10 INCLUSIVE,<br><br>Defendants. | Case No. 14 Civ. 8794 (AJN) - ECF<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

Plaintiff Joel R. McDonald, a/k/a Joel Mac ("McDonald"), by and through his attorneys, LoPresti & O'Reilly, LLP, does hereby complain against Kanye West, Jay-Z, a/k/a Shawn Carter, Mike Dean, Frank Ocean, a/k/a Christopher Breaux, Shama Joseph, Universal Music Group, Roc-A-Fella Records, Def Jam Music, Roc Nation, LLC, and DOES 1 through 10 (collectively, "Defendants") as follows:

**PRELIMINARY STATEMENT**

1.  Plaintiff brings this action seeking recourse for the intentional infringement of the copyright in his musical composition titled "Made in America".

2.  Plaintiff, a humble musician of modest means, wrote and recorded an album titled "Joel Mac Songs" in his apartment in 2008. His album included a powerful and reflective track titled "Made in America".

3.  Plaintiff's album containing "Made in America" was released by iTunes on November 2, 2009 (https://itunes.apple.com/us/artist/joel-mac/id188721702), along with the independent artist website CD Baby (http://www.cdbaby.com/cd/macjoel). He also uploaded the track "Made in America" to YouTube on December 5, 2010 (http://youtu.be/LiUHYrN4NDI).

4.  Plaintiff saved his pennies and managed to press CD copies of his album, which he personally sold on the streets of New York, beginning in 2008. Plaintiff particularly sold his CDs on the corner of Prince Street and Mercer Street in SoHo - directly in front of the famed Mercer Hotel. After long hours on that corner, he became known among many for his music, including guests at the Mercer Hotel.

5.  In late 2010 through 2011, defendant Mike Dean, in collaboration with defendants Kanye West, Shawn Carter (a/k/a Jay-Z), Christopher Breaux (a/k/a Frank Ocean), Shama Joseph, and the defendant record labels herein, rented over a dozen rooms at the Mercer Hotel. The defendants began writing, recording and producing what would become the album titled "Watch the Throne". In fact, a significant part of the "Watch the Throne" album was recorded at the Mercer Hotel, where the individual defendants lived and worked. Plaintiff even sold one of his CDs to defendant Mike Dean, who communicated with plaintiff almost on a daily basis in

front of the Mercer Hotel, about plaintiff's music and the production of the album going on in the hotel.

6. "Watch the Throne" was eventually released worldwide on August 8, 2011. Track #11 of the album is a song titled "Made in America" (hereinafter "Made in America 2"). In addition to having the very same title, "Made in America 2" is a song comprised of substantially similar compositional, rhythmic and lyrical elements to "Made in America". (The track to "Made in America 2" can be found here: http://youtu.be/zSDzPByjEuM).

7. The defendants then embarked on the "Watch the Throne" tour, which began in October 2011, and continued until June 2012. The tour is reported to have grossed $48.3 million dollars. "Made in America 2" garnered significant critical acclaim, and is often cited as a stand-out song from the album. To that end, in September 2012, the defendants even collaborated on a music festival aptly named "Made in America", sponsored by Budweiser ("Made in America Festival") (http://a.madeinamericafest.com/). The Made in America Festival has continued annually to the present, expanding to two cities, and has grossed millions of dollars. In July 2014, in collaboration with defendant Shawn Carter, the documentary titled "Made in America" was also released in the United States. Directed and produced by Ron Howard and Brian Grazer, the film features live performances, including that of "Made in America 2". Despite the above, defendants have never sought the permission or consent of plaintiff for any use of "Made in America", nor have they obtained a license for the same.

8. "In hip-hop we always talk about, you know, "You bitin'" "You bitin' my stack"[1]. But hip-hop itself is based off of bitin'. It's based on taking segments of people's music, and then taking something that someone said on the street, and taking this pattern right here, and then taking this.

---

[1]     In the hip-hop community "biting" means stealing another artist's work.

COMPLAINT
- 3 -

> Like I'll do something like loop up something that someone took mad years to learn how to play instruments and all this type of stuff [laughs]. But one of the fundamentals of hip-hop is bitin'".

Kanye West (*Composing History*: *A behind the scenes look at the making of Kanye West's album "Late Registration"*)(originally broadcast September 2005 on MTV and MTV2; (http://youtu.be/X4ICzrOn3Fw).

## JURISDICTION AND VENUE

9.   This is a civil action against Defendants for their acts of copyright infringement in violation of New York common law and the United States Copyright Act, 17 U.S.C. §101 *et seq*. This Court has subject matter jurisdiction over the copyright infringement under 28 U.S.C. § 1331, 17 U.S.C. § 501(a), and 28 U.S.C. § 1338(a).  The amount in controversy in this matter is in excess of $75,000.00, exclusive of interest and costs.

10.   This Court has personal jurisdiction over this matter because, upon information and belief, the Defendants, without consent or permission of the copyright owner, disseminated a copyrighted work owned or controlled by Plaintiff.  Upon information and belief, illegal dissemination occurred and continues to occur in every jurisdiction in the United States, including the Southern District of New York.

11.   Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) and 28 U.S.C. § 1400(a) because the Defendants recorded the infringing work in this district, the Defendants may be found and transact business in this district, the injury suffered by Plaintiff took place in this district, and the Defendants distributed, marketed, offered for sale and sold the infringing work in this district.

## PARTIES

12.   Plaintiff McDonald is an individual residing in New York City.

COMPLAINT
- 4 -

13. Upon information and belief, Defendant Kanye Omar West (hereinafter "West") is an adult citizen residing in the State of New York.  West is engaged in, among other things, the business of writing, publishing, producing and performing music. West has been credited with writing and performing the infringed work.

14. Upon information and belief, Defendant Shawn Carter, a/k/a Jay-Z (hereinafter "Carter") is an adult citizen residing in the State of New York.  Carter is engaged in, among other things, the business of writing, publishing, producing and performing music. Carter has been credited with writing and performing the infringed work.

15. Upon information and belief, Defendant Mike Dean (hereinafter "Dean") is an adult citizen residing in the State of New York.  Dean is engaged in, among other things, the business of writing, publishing, producing and performing music.  Dean has been credited with writing and producing the infringed work.

16. Upon information and belief, Defendant Christopher Breaux, a/k/a Frank Ocean (hereinafter "Ocean") is an adult citizen residing in the State of California.  Ocean is engaged in, among other things, the business of writing, publishing, producing and performing music. Ocean has been credited with writing and performing the infringed work.

17. Upon information and belief, Defendant Shama E. Joseph, a/k/a "Sak Pase" (hereinafter "Joseph") is an adult citizen residing in the State of California.  Joseph is engaged in, among other things, the business of writing, publishing, producing and performing music. Joseph has been credited with producing the infringed work.

18. Upon information and belief, Defendant Universal Music Group (hereinafter "Universal") is a Delaware corporation with its principal place of business at 1755 Broadway,

New York, New York 10019. Universal is the manufacturer, distributor and seller of the infringed work described herein.

19. Upon information and belief, Defendant Roc-A-Fella Records LLC (hereinafter "Roc-A-Fella") is a New York limited liability company, with its principal place of business at 825 8th Avenue, 29th Floor, New York, New York 10019, and is a subsidiary of Universal and Island Def Jam Music Group.

20. Upon information and belief, Defendant Island Def Jam Music (hereinafter "Def Jam") is a subsidiary of Universal with its principal place of business at 825 8th Avenue, 29th Floor, New York, New York 10019. Upon information and belief, Def Jam marketed and exploited the infringing work described herein.

21. Upon information and belief, Defendant Roc Nation LLC (hereinafter "Roc Nation") is a Delaware limited liability company, with its principal place of business at 1411 Broadway, 39th Floor, New York, New York 10018. Upon information and belief, Roc Nation marketed and exploited the infringing work described herein.

22. DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will ask leave of Court to amend this Complaint and insert the true names and capacities of said Defendants when the same have been ascertained. Plaintiff is informed and believes that each of the Defendants designated as a "DOE" is legally responsible in some manner for the damages herein alleged.

## STATEMENT OF FACTS

*Plaintiff's Creation and Ownership of Copyright*

23. Plaintiff McDonald, who also goes by the name Joel Mac, wrote and recorded an album titled "Joel Mac Songs" in his apartment in 2008. Track #2 on that album is a slow moving, yet powerful and reflective track titled "Made in America".

24. In 2009, plaintiff submitted his album to the independent artist website CD Baby (http://www.cdbaby.com/cd/macjoel), and it was released by iTunes on November 2, 2009 (https://itunes.apple.com/us/artist/joel-mac/id188721702). Plaintiff also uploaded the track "Made in America" to YouTube on December 5, 2010 (http://youtu.be/LiUHYrN4NDI).

25. Plaintiff, an artist of modest means, saved his pennies and managed to press CD copies of his album, which he personally sold on the streets of New York, beginning in 2008.

26. Throughout 2009, 2010 and 2011 plaintiff sold his CDs in SoHo, New York, and he soon became a fixture on the corner of Prince Street and Mercer Street, directly in front of the famed Mercer Hotel.

27. Throughout 2009, 2010 and 2011 plaintiff spent long hours selling his CDs in front of the Mercer Hotel, and he became known for his music, including his song "Made In America", by many in the neighborhood, as well as guests at the Mercer Hotel.

*The Defendants Record At the Mercer Hotel*

28. In late 2010 through 2011, the defendants rented over a dozen rooms at the Mercer Hotel, for the purpose of writing, recording, mixing and producing what would become the album titled "Watch the Throne".

29. During this time, the individual defendants, including West, Carter, Dean and Ocean, practically lived at the Mercer Hotel where a significant portion of the album "Watch the Throne" was recorded.

30.     At this time, defendant Dean, a long-time collaborator with defendant West, even purchased one of plaintiff's CDs.

31.     Throughout this time, Dean communicated with plaintiff, almost on a daily basis, about plaintiff's music and the production of the album going on in the Mercer Hotel.

### *The Defendants Release the Song "Made in America"*

32.     The defendants released the album "Watch the Throne" worldwide on August 8, 2011.  Track #11 of the album is a song titled "Made in America" ("Made in America 2").

33.     "Made in America 2", in addition to having the same title as plaintiff's song, is comprised of substantially similar compositional, rhythmic and lyrical elements to "Made in America". (The track to "Made in America 2" can be found here: http://youtu.be/zSDzPByjEuM).  Among other lyrical similarities, the opening and hook to "Made in America 2" pay homage to historical figures Martin Luther King and Malcolm X, as does the opening to plaintiff's song.

34.     In about October 2011, the defendants embarked on the "Watch the Throne" tour, which continued through June 2012.  The tour is reported to have grossed $48.3 million dollars.

35.     "Made in America 2" garnered significant critical acclaim, and is often cited as a stand-out song from the album.

### *The Defendants Collaborate in the "Made in America Festival" and the "Made in America" Documentary*

36.     Based upon the appeal and success of "Made in America 2", in September 2012, the defendants even collaborated on a music festival aptly named "Made in America" ("Made in America Festival"). The Made in America Festival, sponsored by Budweiser, has continued

annually to the present, expanding to two cities, and has grossed millions of dollars. (http://a.madeinamericafest.com/).

37. The defendants even collaborated to produce a documentary titled "Made in America", which was released in the United States in July 2014.

38. The "Made in America" documentary, which was directed and produced by Ron Howard and Brian Grazer, includes performances of "Made in America 2".

39. Defendants West, Carter, Dean, Ocean, and Joseph are credited with writing and producing "Made in America 2".

40. At all times the defendants were, and are aware, of plaintiff's rights in "Made in America". Despite the above, the defendants have never sought the permission or consent of plaintiff for any use of "Made in America", nor have they obtained a license for the same.

41. On August 31, 2011, plaintiff registered the copyright in "Made in America" with the United States Copyright Office and secured Certificate of Registration No. SR0000682904.

42. Afterwards, on September 12, 2011, Defendants West, Carter, Ocean, Dean and Joseph jointly registered the copyright in "Made in America 2" with the United States Copyright Office and secured Certificate of Registration No. PA0001768256.

43. Defendants have, upon information and belief, violated federal law by willfully infringing the copyrights of plaintiff in his song "Made in America".

44. Defendants' reproduction, performance and distribution of "Made in America 2," and derivatives thereof, continues unabated to this very day.

45. Defendants' infringement of plaintiff's work has generated millions of dollars for the defendants, and has irreparably harmed the exclusive nature of plaintiff's work.

COMPLAINT
- 9 -

46. As a result of the acts of the defendants, plaintiff has suffered and is suffering damage to his business in the form of diversion of trade, loss of profits, injury to goodwill and reputation, and the dilution of the value of his rights, all of which are not yet fully ascertainable.

**FIRST CLAIM FOR RELIEF**
(Copyright Infringement)

47. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 46 above.

48. Plaintiff is the owner of the copyrights to "Made in America", which substantially consists of material wholly original with plaintiff and which constitutes copyright subject matter under the laws of the United States.

49. Plaintiff has complied with the Copyright Act and the laws of the United States governing copyrights: "Made in America" was registered with the United States Copyright Office and received Registration No. SR0000682904.

50. Defendants have directly, vicariously and/or contributorily infringed plaintiff's copyrighted work, and unless enjoined, will continue to infringe plaintiff's copyrights by reproducing and distributing and utilizing his work for purposes of trade in violation of 17 U.S.C. § 106, and defendants are liable under 17 U.S.C. § 501 *et seq*.

51. Defendants also have, and continue to reproduce and distribute the infringing work through numerous channels of trade internationally.

52. Defendants' infringing acts were and continue to be committed willfully.

53. Upon information and belief, by reason of subsequent, non-related acts of infringement committed by the defendants, and/or in concert with the defendants, the infringed

work is eligible for statutory damages. Therefore, plaintiff is entitled to an award of $150,000 in statutory damages, costs and attorneys' fees.

54.     Alternatively, at plaintiff's discretion, plaintiff is entitled to actual damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

1.      Defendants, and all persons acting in concert with Defendants, be permanently enjoined from infringing Plaintiff's federal and common-law copyrights in any manner whatsoever;

2.      Order the impounding of all musical compositions and sound recordings in Defendants' possession, custody or control that were made or used in violation of Plaintiff's federal and common-law copyrights pursuant to 17 U.S.C. § 106;

3.      Defendants be held liable to Plaintiff in statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. §§ 504(a)(2) & (c) and for costs, interest and reasonable attorney's fees pursuant to 17 U.S.C. § 505;

4.      Order a full accounting from Defendants of all profits, income, receipts or other benefit derived by Defendants from the reproduction, copying, display, promotion, distribution, performance, publishing or sale of products and/or services that improperly or unlawfully infringe upon Plaintiff's copyright pursuant to 17 U.S.C. §§ 504 (a)(1) & (b);

5.      Require Defendants to account for and pay to Plaintiff all profits derived by Defendants from their acts of copyright infringement and to reimburse Plaintiff for all damages suffered by Plaintiff by reasons of Defendant's acts, pursuant to 17 U.S.C. §§ 504 (a)(1) & (b);

6. Award Plaintiff his actual damages for copyright infringement pursuant to 17 U.S.C. §§ 504 (a)(1) & (b); or, alternatively,

7. Award Plaintiff prejudgment interest, and attorneys fees and costs pursuant to 17 U.S.C. § 505;

8. Award such other and further relief as the Court deems just and appropriate.

Dated: New York, New York
November 4, 2014

Respectfully submitted,

**LOPRESTI & O'REILLY, LLP**

By: /s/ Anthony A. LoPresti
Anthony A. LoPresti
alopresti@lo-firm.com
Cornelius J. O'Reilly
coreilly@lo-firm.com

110 Greene Street, Ste. 411
New York, New York 10012
Ph.: (212) 757-5277
Fax: (212) 202-4410

*Attorneys for Plaintiff*

**DEMAND FOR JURY TRIAL**

Plaintiff Joel R. McDonald demands trial by jury.

Dated: November 4, 2014

Respectfully submitted,

**LOPRESTI & O'REILLY, LLP**

By: /s/ Anthony A. LoPresti
Anthony A. LoPresti
Cornelius J. O'Reilly